IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Z&R CAB, LLC and ZORO, INC.        :        CIVIL ACTION
                                   :
        v.                         :
                                   :
PHILADELPHIA PARKING               :        NO. 13-6173
AUTHORITY                          :

MEMORANDUM

Dalzell, J.                                                September 24, 2014

## I.   Introduction

Plaintiff taxicab companies move for reconsideration of our June 4, 2014 Order (the "June Order") dismissing their complaint because the remedy they seek is beyond the power of a federal court to decide. For the reasons articulated below, we will deny their motion.

Z&R Cab, LLC and Zoro, Inc. (collectively "Z&R") originally brought suit to recover fees paid to the Philadelphia Parking Authority ("PPA") under a state statute Pennsylvania's Commonwealth Court held unconstitutional in February of 2013. In our June Order we denied the PPA's motion to dismiss in part, holding that the state court decision had retroactive application insofar as the Commonwealth Court found the statute violated the Due Process Clause of the Fourteenth Amendment of the United States Constitution by failing to provide the taxicab companies with any procedure for challenging the PPA fee schedule. Z&R Cab LLC v. Philadelphia Parking Authority, -- F. Supp. --, 2014 WL 2518972 at *8 (E.D.Pa. June 4, 2014). But we also dismissed the plaintiffs' complaint because the question of remedy is one of state law and therefore must be entrusted to the courts of the Commonwealth in the first instance. Id. at *9.

Z&R now moves for reconsideration under Rule 59(e) to alter or amend our June

Order under three alternative theories -- namely, that we erred in (1) dismissing the complaint for want of subject-matter jurisdiction when we should have retained jurisdiction under an abstention doctrine and stayed this matter, thereby retaining jurisdiction during the pendency of any state proceeding, Pl. Br. at 3-4; (2) not granting plaintiffs the refund remedy they sought, id. at 4-5; and (3) failing to request briefing on both subject-matter jurisdiction and abstention before dismissing the complaint, an error the plaintiffs now urge us to rectify by permitting such briefing, id. at 6-7.  Defendant PPA responds that, whatever our grounds for dismissal, our decision was warranted because the Commonwealth courts alone enjoy the right to fashion a flexible remedy and federal courts are limited to ensuring any remedy conforms with constitutional Due Process.  Def. Br. at 3.  PPA also argues that the United States Constitution does not mandate a fee refund but only suggests that the remedy cure the underlying constitutional violation -- here, the PPA's Due Process violation in failing to provide the taxicab companies with a procedure for challenging the imposition of an annual fee.  Id. at 9.  Fashioning that remedy and considering its fiscal impact when applying the remedy retroactively are solely within the province of the Commonwealth courts, the PPA contends, and it urges us to deny the plaintiffs' motion.  Id. at 16.

## II. Procedural History

As we rehearsed in June, this case arises as a result of the Commonwealth Court's 2013 decision holding that the PPA's regulatory fee schedule and budgeting process, codified at 53 Pa.Cons.Stat.Ann. §5707(b), violated both the Pennsylvania and United States Constitutions. MCT Transportation Inc. v. Philadelphia Parking Authority, 60 A.3d 899, 901 (Pa. Cmwlth. 2013), aff'd 81 A.3d 813 (Pa. 2013).  In the state lawsuit, six suburban taxicab companies that provide limited service in Philadelphia contended that Section 5707(b) unconstitutionally

deprived them of due process in violation of the Fourteenth Amendment because the Parking Authority provided no procedures for challenging its annual regulatory fees, either before or after their imposition. For this and other violations, they sought equitable relief. MCT Transportation, 60 A.3d at 915-16.  The Commonwealth Court agreed and held that the PPA must provide notice and a hearing "somewhere, at some stage in the proceeding, even if it be after the property itself is parted with," id. at 916 (quoting National Automobile Service Corp. v. Barfod, 137 A. 601, 602 (Pa. 1927)).  The Court concluded that "[i]t is not the mere absence of a hearing remedy in Section 5707(b) that renders it unconstitutional. Rather, it is the bar to any relief erected by Section 5707(b) that effects the [D]ue [P]rocess violation." Id. at 917.  "Because Section 5707(b) confers autocratic power upon the [PPA] to condemn property without [D]ue [P]rocess, it offends the due process provisions of the Pennsylvania and United States Constitutions." Id. at 919.

On October 22, 2013, two Philadelphia medallion taxicab companies filed the present class action lawsuit pursuant to 42 U.S.C. §1983 seeking, inter alia, a refund of all sums, with interest, paid under authority of the unconstitutional provision from 2004 to the present. Compl. at 5-6.  They also sought a declaratory judgment that such fees were paid in violation of the United States Constitution and 42 U.S.C. §1983 and must be refunded, and they moved to enjoin the PPA from collecting any more such fees. Id. at 6. On December 9, 2013 the PPA moved to dismiss, arguing that plaintiffs' claims were predicated on a retroactive application of a judicial decision and that any remedy could have only prospective application.

On June 4, 2014, we granted PPA's motion in part and denied it in part.  We held that the Commonwealth Court's conclusion -- that Section 5707(b) failed to "provide any procedure for challenging the Parking Authority's fee schedule, either before or after its

3

adoption," thereby violating the Due Process clause of the United States Constitution -- applied retroactively.  See Z&R Cab LLC, 2014 WL 2518972 at *7 (quoting MCT Transportation, 60 A.3d at 916).  But we also held that we may not fashion the appropriate remedy because the United States Supreme Court held that the question of remedies under such circumstances is one of state law.  Id. at *8 (citing James B. Beam Distilling Co. v. Georgia, 501 U.S. 529, 535 (1991) (Souter, J., announcing judgment of the Court)).  The Commonwealth must provide the plaintiffs with "a fair opportunity to challenge the validity of their tax obligation and a clear and certain remedy for any erroneous or unlawful tax collection."  Id.  (quoting McKesson Corp. v. Division of Alcoholic Beverages and Tobacco, Dept. of Business Regulation of Florida, 496 U.S. 18, 38 (1990) (internal quotation marks omitted)).  Because state courts have the initial duty to determine relief, we held that we lacked subject matter jurisdiction and dismissed plaintiffs' complaint.  Id. at *9.

On June 10, 2014, the plaintiffs filed a complaint in the Philadelphia Court of Common Pleas "seeking essentially the same relief" as in this action and based on the same grounds.  Pl. Br. at 1; see also Z&R Cab, LLC, et al. v. Philadelphia Parking Authority, No. 1394 June Term 2014.  The following day, they filed the instant motion.

**III.    Standard of Review**

A motion for reconsideration, in this District governed by Local R. Civ. P. 7.1(g), is generally treated as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e).  See Turner v. Evers, 726 F.2d 112, 114 (3d Cir. 1984).  The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly-discovered evidence.  Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (internal citation omitted).  Accordingly, a party seeking to alter or amend a judgment must show at least

one of four reasons: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; (3) the need to correct a clear error of law or fact; or (4) the prevention of a manifest injustice. Id. (aggregating the latter two reasons under a single rubric); see also 11 Charles Alan Wright et al., Federal Practice & Procedure, §2810.1 (3d ed. Sept. 2014).

Reconsideration is not permitted to allow "a second bite at the apple," see Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995), nor to reargue matters the trial court already resolved or relitigate points of disagreement between the Court and the moving party, In re Avendia Marketing, Sales Practices and Products Liability Litigation, 2011 WL 4945713 at *1 (E.D.Pa. Oct. 14, 2011) (Rufe, J.) (internal quotation omitted). Because federal courts have a strong interest in finality, motions for reconsideration should be granted sparingly. United States v. Bullock, 2005 WL 352854 at *1 (E.D.Pa. Jan. 24, 2005) (Kelly, J.). As then-Chief Judge Bartle trenchantly put it, "A litigant that fails in its first attempt to persuade a court to adopt its position may not use a motion for reconsideration either to attempt a new approach or correct mistakes it made in its previous one." Kennedy Indus., Inc. v. Aparo, 2006 WL 1892685 at *1 (E.D.Pa. July 6, 2006).

**IV.     Discussion**

    **1.     Abstention Doctrine And Jurisdiction**

The plaintiffs contend that we erred principally by divesting ourselves of jurisdiction to fashion an appropriate remedy. They argue that when the United States Supreme Court in American Trucking Associations, Inc. v. Smith, 496 U.S. 167 (1990), remanded that matter to the Arkansas Supreme Court to devise a remedy, it deferred to that court as a matter of federal abstention doctrine, not jurisdiction. Pl. Br. at 3. Plaintiffs rely in particular on this

dicta:

> When we have held state taxes unconstitutional in the past it has been our practice to abstain from deciding the remedial effects of such a holding. While the relief provided by the State must be in accord with federal constitutional requirements, we have entrusted state courts with the initial duty of determining appropriate relief. Our reasons for doing so have arisen from a perception based in considerations of federal-state comity[.]

American Trucking, 496 U.S. at 176.  Accordingly, the plaintiffs urge, we should reconsider the legal underpinnings of our decision to dismiss and stay the present matter under an abstention theory, pending the disposition of what the plaintiffs deem parallel state litigation.  Pls. Br. at 2, 4.

PPA responds that the Supreme Court in McKesson, decided on the same day as American Trucking, dictated our decision that the appropriate remedy was reserved to the state -- whether as a result of abstention or lack of jurisdiction.  Def. Br. at 1, 3.

Jurisdiction, the power to act, is the necessary predicate to abstention, the power to refrain.  As we explain below, because there was no pending state proceeding at the time plaintiffs filed the present action, we had neither grounds for abstention nor any basis for maintaining jurisdiction and issuing a stay.

Abstention is a judge-made doctrine rooted in Chief Justice Marshall's pronouncement that "[i]t is most true that this court will not take jurisdiction if it should not: but it is equally true, that it must take jurisdiction if it should. . . .  We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given."  Cohens v. Virginia, 19 U.S. 264, 404 (1821).  Abstention from the exercise of federal jurisdiction is the exception, not the rule, and federal courts have a "virtually unflagging obligation … to exercise the jurisdiction given them."  Colorado River Water Conservation Dist. v. United States, 424

6

U.S. 800, 817 (1976).

Abstention doctrine balances a federal court's duty to exercise its jurisdiction with principles of comity and federalism when a proceeding implicating federal concerns is pending in state court. Under such circumstances, a federal court has the authority to decline to exercise its jurisdiction when it is asked to employ its historic powers as a court of equity. See Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 717 (1996). A federal court's discretion to grant equitable relief, Justice Scalia explained for the Court, is "part of the common-law background against which the statutes conferring jurisdiction were enacted." New Orleans Public Service, Inc. v. Council of City of New Orleans, 491 U.S. 350, 359 (1989) (hereinafter "NOPSI").

Thus, the Supreme Court has deemed federal abstention warranted, if exceptional, when there is a pending state criminal proceeding -- see Younger v. Harris, 401 U.S. 37 (1971) -- or when a district court would interfere with certain state civil proceedings -- see Huffman v. Pursue, Ltd., 420 U.S. 592 (1975) (statutory nuisance claim) and Juidice v. Vail, 430 U.S. 327 (1977) (state contempt proceeding), or when a federal court's decision might obviate a state's determination of its own ambiguous law -- see Railroad Comm'n of Tex. v. Pullman Co., 312 U.S. 496 (1941), or when a federal court's adjudication of issues intertwined with a state's sovereign prerogative might be impaired by unsettled questions of state law -- see Louisiana Power & Light Co. v. City of Thibodaux, 360 U.S. 25 (1959), or when a federal court's resolution might interfere with a state's tax collection system -- see Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293 (1943), or when a federal matter duplicates a pending state proceeding -- see Colorado River, 424 U.S. 800 (1976).

But undergirding all these instances of abstention doctrine is the state's ongoing and explicit interest. A pending state proceeding is the predicate to Younger abstention, whether

7

in the civil, administrative or criminal context.  <u>Ankenbrandt v. Richards</u>, 504 U.S. 689, 705 (1992); <u>see</u> <u>also</u> <u>Liberty Mutual Ins. Co. v. Hurlbut</u>, 585 F.3d 639, 648 (2d Cir. 2009) ("Common to all the cases in which the <u>Younger</u> abstention doctrine is applied is the need to find that state proceedings, whether they be criminal, civil or administrative, are ongoing or 'pending' "). Merely incipient or threatened proceedings do not fulfill this requirement.  "The mere fact that a case <u>could</u> be heard in state court is insufficient to justify <u>Younger</u> abstention," the Seventh Circuit held in <u>Village of DePue, Ill. v. Exxon Mobil Corp.</u>, 537 F.3d 775, 783 (7th Cir. 2008) (emphasis in original).  Other abstention doctrines similarly require a pending state proceeding. As Justice Scalia explained in <u>NOPSI</u>, referring to both <u>Burford</u> and <u>Colorado River</u> abstention doctrines,

> Where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar"; or (2) where the "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."

<u>NOPSI</u>, 491 U.S. at 361.

In <u>American Trucking</u>, the out-of-state truckers challenging the constitutionality of a state tax statute sought relief first in the Arkansas courts, then to the Supreme Court which held, in remanding to the state court, that

> In a case such as this, where a state court has addressed the refund issues, the same comity-based perception that has dictated abstention in the first instance requires that we carefully disentangle issues of federal law from those of state law and refrain from deciding anything apart from questions of federal law directly presented to us. By these means we avoid interpreting state laws with which we are generally unfamiliar and deciding additional questions of federal law unnecessarily.

8

American Trucking, 496 U.S. at 177 (citing Michigan v. Long, 463 U.S. 1032 (1983)).

This is not the case before us.  Despite the taxicab plaintiffs' claim of a "parallel state proceeding," Pls. Br. at 2, they had filed no such proceeding when they filed their class action or by the time we dismissed their complaint -- nor were they even parties to the original state suit, MCT Transportation, 60 A.3d at 900.  Their state court suit, filed nearly a week after our dismissal, was not pending when we dismissed this case and therefore supplied no basis on which we might have abstained this past June.

In a similar vein, plaintiffs' esprit de l'escalier filing cannot support a stay now.  The plaintiffs concede that state courts have "the initial duty of determining appropriate relief." Pl. Br. at 3 (quoting American Trucking, 496 U.S. at 176).  Article III of the Constitution limits federal "judicial Power" to the adjudication of "Cases" or "Controversies." U.S. Const. art. III, § 2.  As our Court of Appeals has explained, in cases involving state or local government, Art. III "also serves to preserve and protect the principle of dual sovereignty" embedded in our founding charter.  Storino v. Borough of Point Pleasant Beach, 322 F.3d 293, 300 (3d Cir. 2003).  Once we determined that the remedy here was properly a state-law issue for the Commonwealth courts in the first instance, no case or controversy remained for us to adjudicate and we no longer had subject-matter jurisdiction to adjudicate or issue a stay.  See Praxis Properties, Inc. v. Colonial Sav. Bank, S.L.A., 947 F.2d 49, 61 (3d Cir. 1991) (A case is "nonjusticiable as lacking a 'case or controversy' if the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.") (internal citation and quotation marks omitted).

Plaintiffs cite no change in law or any new evidence to support their argument for reconsideration nor can they support their contention that we erred.  We will therefore deny their motion for reconsideration on the basis of abstention doctrine.

9

**2.**     **The State's Prerogative To Devise A Remedy**

Leaping horses in mid-stream, plaintiffs assert in the alternative that abstention is not warranted here and that we should have granted the relief they sought. They argue that federal courts have allowed states to remedy unconstitutionally-imposed taxes as long as the ultimate remedy meets constitutional standards. Pl. Br. at 5. But they stress the PPA has no choice here because plaintiffs should never have been charged fees imposed in violation of the Due Process Clause. Id. "There is only one remedy available, and that remedy is a refund. There are no policy choices to be made, and hence no reason for abstention." Id.

The PPA counters that the United States Supreme Court, in reserving for states the determination of any remedy, also permits states to impose procedural limitations on any refund or merely rectify its Due Process violation, as long as the chosen remedy comports with Due Process. Def. Br. at 4-5. No federal court has imposed a remedy for an unconstitutional taxing scheme, much less required a refund, the PPA contends. Id. at 7. In any case, it argues, because the constitutional violation was the PPA's lack of statutory procedure to challenge the fees, the appropriate remedy here is the institution of a review process, not a refund. Id. at 9.

We need not agree with the PPA about the proper remedy to agree with it that the remedy is for the Commonwealth's courts to decide. To be sure, the Supreme Court's jurisprudence on unconstitutional state tax schemes evolved fitfully. But after the plurality opinion in American Trucking, the Court in McKesson and Harper v. Virginia Dept. of Taxation, 509 U.S. 86 (1993), unambiguously held that "a state must provide a means of pressing a federal-law challenge either before collection or after" but that remedy need not necessarily take the form of a refund. 16B Charles Alan Wright et al., Federal Practice & Procedure, §4024 (3d ed. Apr. 2014).

In McKesson, a liquor distributor challenged Florida's excise tax, which gave preferential treatment to certain local distributors. McKesson, 496 U.S. at 22. The Supreme Court unanimously held that a state need not provide taxpayers with a predeprivation process, which might "threaten a government's financial security." Id. at 37. But where a state offers only a postdeprivation remedy, "[t]o satisfy the requirements of the Due Process Clause," the state "must provide taxpayers with, not only a fair opportunity to challenge the accuracy and legal validity of their tax obligation, but also a clear and certain remedy for any erroneous or unlawful tax collection to ensure that the opportunity to contest the tax is a meaningful one." Id. at 39 (internal quotation marks omitted).

The Supreme Court in McKesson distinguished the remedy a state must offer a petitioning taxpayer according to the nature of the violation. Only where the tax was invalid because "it was beyond the [s]tate's power to impose" or "the taxpayers were absolutely immune from the tax" would a state "have had no choice but to 'undo' the unlawful deprivation by refunding the tax previously paid[.]" Id. Otherwise, the Court held, a state "retains flexibility in responding" to the determination that its tax impermissibly discriminated against certain taxpayers. Id. at 39. The Supreme Court hypothesized that a state might justifiably impose procedural requirements that would limit refunds to certain taxpayers; require timely notice of complaint; offer refunds on installment; or enforce a relatively short statute of limitations period for such actions to protect against fiscal disruption -- rather than refund improperly levied taxes. Id. at 45. The Court was also at pains to include among permissible remedies a state's retention of previously levied funds if the taxpayer and his competitor are treated indiscriminately under a reformulated tax scheme that is constitutionally valid. Id. at 40.

"In the end," the Court concluded, such process "would provide petitioner with all

of the process it is due: an opportunity to contest the validity of the tax and a clear and certain remedy designed to render the opportunity meaningful by preventing any permanent unlawful deprivation of property," id., which is precisely the procedure the Commonwealth Court held the PPA's prior statutory scheme lacked.

In short, as the Supreme Court outlined, id. at 51, the courts of the Commonwealth are "free to choose which form of relief it will provide, so long as that relief satisfies the minimum federal requirements" the Supreme Court outlined.  Id. at 51.

In Harper, 509 U.S. at 89, federal civil service retirees sought a refund of taxes that Virginia's Department of Taxation erroneously or improperly assessed in violation of a prior Supreme Court decision. . The Supreme Court articulated a general rule of retroactivity for any remedy to a discriminatory tax: "The Supremacy Clause. . . does not allow federal retroactivity doctrine to be supplanted by the invocation of a contrary approach to retroactivity under state law.  Whatever freedom state courts may enjoy to limit the retroactive operation of their own interpretations of state law. . . cannot extend to their interpretations of federal law."  Id. at 100. The Supreme Court held its prior tax decision applied retroactively, reversing the Virginia Supreme Court.  But -- critical to the issue before us now -- it did not enter judgment for petitioners.  "[F]ederal law does not necessarily entitle them to a refund.  Rather, the Constitution requires Virginia 'to provide relief consistent with federal due process principles,' " id. (quoting American Trucking, 496 U.S. at 181 (plurality opinion)).  "Under the Due Process Clause, . . . 'a State found to have imposed an impermissibly discriminatory tax retains flexibility in responding to this determination.' "  Id. (quoting McKesson, 496 U.S. at 39-40).

The Supreme Court made clear there was no longer a federal court role.  Instead, due process could be satisfied either by a predeprivation hearing or "meaningful backward-

looking relief" that would "create[] in hindsight a nondiscriminatory scheme." Id. at 101 (quoting McKesson, 496 U.S. at 31 and 40).  Although the constitutional sufficiency of any remedy was not before the Court in Harper, it nonetheless cited McKesson to reiterate that "[s]tate law may provide relief beyond the demands of federal due process, but under no circumstances may it confine petitioners to a lesser remedy." Id. at 102 (internal citations omitted).

Since Harper, Wright and Miller noted that "[o]nce an effective remedy is made reasonably available,. . . state procedural limitations remain generally independent of federal law, and need survive only the basic tests of adequacy." 16B Charles Alan Wright et al., Federal Practice & Procedure, §4024 (3d ed. Apr. 2014).

Here, the Commonwealth Court held that the PPA violated the United States Constitution only by failing to provide adequate due process for the taxicab plaintiffs to challenge the imposition of regulatory fees (although they held other aspects of the statute violated the Pennsylvania Constitution).  Under the Supreme Court's teachings in McKesson and Harper, any remedy for this violation lies exclusively in the hands of the state courts, so long as the remedy is retroactive.

Defendant PPA states that the Pennsylvania General Assembly amended Section 5707 after MCT Transportation to provide prospective standards for assessments and operator protests.  Def. Br. at 15.  "If Pennsylvania state courts elect to apply those standards to an action by plaintiffs seeking retroactive relief. . . there would be no basis for this or any other federal court to find that plaintiffs' federal constitutional rights had not been properly remedied consistent with" MCT Transportation.  Id. (emphasis in original).

We agree -- as long as the Commonwealth's remedy applies retroactively as

13

Harper requires.  That remedy may include a refund, but need not, since the Commonwealth Court did not hold that the regulatory fees were beyond the PPA's power to impose or that the taxicab companies were absolutely immune from the tax.  The plaintiffs fail to cite any cases to support their contention that we may impose their chosen remedy -- a full refund plus interest.  We must therefore deny their motion for reconsideration on this ground as well.

Whatever remedy the Commonwealth chooses, it alone retains the flexibility to devise its form and extent; only if that remedy falls short of federal due process may the plaintiffs again petition this Court for redress.

### 3. The Court's Duty To Determine Its Jurisdiction *Sua Sponte*

Finally, the plaintiffs urge that we vacate our June 4, 2014 Order to permit the parties to brief the issues of abstention and subject matter jurisdiction, as our Order raised our lack of subject-matter jurisdiction sua sponte.  Pl. Br. at 6.

It is of course well-established that federal courts have a continuing obligation to assess subject-matter jurisdiction.  Indeed, we may dismiss a suit sua sponte for lack of subject-matter jurisdiction at any stage in the proceeding.  Carlsberg Resources Corp. v. Cambria Sav. and Loan Ass'n, 554 F.2d 1254, 1256 (3d Cir. 1977).  "[T]he federal courts are without power to adjudicate the substantive claims in a lawsuit, absent a firm bedrock of jurisdiction.  When the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts[.]"  Id.

Here, the Commonwealth Court held that the PPA violated federal due process when it barred any avenue of relief.  As we explained above, only the Commonwealth's courts may devise any remedy that meets the demands of federal due process.  Therefore, once we held any remedy must be retroactive, the Supreme Court left us with no further role to play.  We no

longer faced a justiciable case or controversy because the issue presented was no longer live. See Praxis Properties, Inc. v. Colonial Sav. Bank, S.L.A., 947 F.2d 49, 61 (3d Cir. 1991).  We were, in fact, powerless to act and, accordingly, in evaluating our jurisdiction, could only dismiss sua sponte.

Plaintiffs offer neither law nor new facts to support their motion that we permit briefing on this issue, which we have, as a practical matter, canvassed at length herein.  For the reasons stated above, we will deny their motion for reconsideration on all three alternatives they proffer.

BY THE COURT:

/S/ STEWART DALZELL, J.